UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VALERIE SEJKO  :  JURY TRIAL DEMANDED

v.  :  CASE NO. 3:10cv 1847 (CSH)

SOUTHWEST CREDIT SYSTEMS, L.P.

FIRST AMENDED COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. This Court has jurisdiction. 15 U.S.C. §1692k.

3. Plaintiff is a natural person and a consumer within the FDCPA, who resides in Connecticut.

4. The Defendant is licensed as a Consumer Collection Agency by the State of Connecticut, Department of Banking.

5. The defendant has been a member of a collectors' trade association, ACA International, since 1977.

6. The defendant is a "debt collector" as the term is defined in the FDCPA, because it uses the mails in efforts to collect personal accounts from consumers on behalf of third parties.

7. On September 27, 2010, defendant sent a letter to plaintiff with regard to her "ATT MOBILITY CONSUMER" account.

8. Defendant identified the creditor as AT&T Mobility.

9. Defendant claimed that the "Principal" was $975.53, the "Collection Fee" was $146.33, and the "TOTAL AMT DUE" was $1,121.86.

10. The letter stated further "The balance listed above is due in full."

11.    Defendant had not charged any collection fee to ATT Mobility.

12.    ATT Mobility had not paid any Collection Fee to ATT Mobility.

13.    State law expressly prohibits the addition of "any charge or fee to the amount of any claim which it receives for collection or knowingly accept[ing] for collection any claim to which any charge or fee has already been added to the amount of the claim unless the consumer debtor is legally liable therefor, in which case, the charge or collection fee may not be in excess of fifteen per cent of the amount **actually collected** on the debt. Conn. Gen. Stat. §36a-805(13) (emphasis added).

14.    Plaintiff claims that Defendant's collection efforts violated 15 U.S.C. §1692e(2), -f(1) or –g by including an unlawful collection fee in the total amount due on the account. Tuttle v. Equifax Check, 190 F.3d 9, 13 (2d Cir. 1999).

15.    Defendant has the burden of proof that it is within the "unless" clause of §1692f(1). See, e.g., Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2400, 171 L. Ed. 2d 283 (2008) ("[T]he burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C. 1499 (1948) (internal quotation marks omitted)).

WHEREFORE plaintiff respectfully requests this Court to:

   1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA.

   2. Award the plaintiff costs of suit and a reasonable attorney's fee;

   3. Award such other or further relief as law or equity may provide.

        THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on January 28, 2011, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    ____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137